UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CASSANDRA ADNER, ET AL | CIVIL ACTION NO. 13-cv-0368 |
| VERSUS | JUDGE JAMES |
| INTERNATIONAL PAPER CO. | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Before the court is a Motion to Dismiss (Doc. 5) filed by International Paper Company ("IP"). For the reasons that follow, it is recommended that IP's motion be granted.

**Background**

In this mass tort action, 362 Plaintiffs assert two claims for relief. In Count I, which Plaintiffs designate as "Negligence," Plaintiffs allege that IP breached duties to disclose, report, and warn of potential exposure to hazardous and toxic chemicals and waste. Doc. 3, ¶ 313. Plaintiffs allege that IP breached those duties in a number of ways, including: (a) failing to warn and advise Plaintiffs of the dangers caused by IP's past emissions of toxic chemicals; (b) failing to provide Plaintiffs and others with knowledge as to what would be a reasonable, safe and sufficient protection, if any, to protect Plaintiffs from harm as a result of exposure to IP's emissions; and (c) failing to disclose that IP's operations included omissions that were highly dangerous to the health of persons exposed to them and that they caused or contributed to the development of injuries, including cancer. ¶ 314. Plaintiffs

allege that the concealment and/or failure to report the material facts to Plaintiffs amounts to "fraudulent non-disclosure." ¶ 315. Plaintiffs allege that they relied on IP's misrepresentation and suppression of true and accurate information to their detriment. Id.

In Count II, which Plaintiffs designate as "Fraudulent Concealment," Plaintiffs allege, almost word for word, the same allegations that are summarized above for Count I (Negligence). Doc. 3, ¶¶ 316 to 319. The only differences are (a) the designation of "fraudulent concealment" rather than "negligence" and (b) the addition of paragraphs 320 and 321 pertaining to the statute of limitations and Plaintiffs' lack of knowledge of the risk to which they had been exposed.

**IP's Motion to Dismiss**

IP argues that Plaintiffs' allegations are simply copycat allegations taken from a related case, Sadler v. International Paper Company, 09-cv-1254 (W.D. La.), which was filed four years before this lawsuit. IP argues that Plaintiffs' fraudulent concealment claim (Count II) should be dismissed for the same reasons this court dismissed the identical claim in Sadler. IP further argues that Plaintiffs' negligence claim (Count I) should be dismissed because the allegations supporting it are wholly conclusory and lacking in factual details sufficient to raise Plaintiffs' right to relief above the speculative level.

Plaintiffs acknowledge that their fraudulent concealment claim is identical to the claim the court dismissed in Sadler. Plaintiffs ask that, if the court dismisses their fraudulent concealment claim in this case, that it do so without prejudice (as the court did in Sadler) due to the lack of discovery in this case. With regard to negligence, Plaintiffs argue that IP's

motion should be denied because, as the court found in the Sadler litigation, Plaintiffs' negligence claims satisfy the requisite pleading standards. Plaintiffs note that this case is still in its infancy, case management proceedings have not yet begun, and Plaintiffs' specific information can be submitted to the court via questionnaires, as was done in the Sadler case.

**Legal Standard**

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

The facts alleged, taken as true, must state a claim that is plausible on its face. Amacker v. Renaissance Asset Mgmt. LLC, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Id. (quoting Twombly, 127 S.Ct. at 1965).

**Analysis**

    **Fraudulent Suppression – Count II**

    This claim should be dismissed for the same reasons the identical claim was dismissed in Sadler. Rule 9(b) requires a plaintiff to state a claim for fraud with particularity. This includes the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what the person obtained thereby. Williams v. WMX Techologies, 112 F.3d 175, 177 (5th Cir. 1997). Plaintiffs have failed to plead fraud with particularity. Dismissal, however, should be without prejudice to the right of Plaintiffs to re-urge this claim, if they can marshal sufficient details and present them to this or another court in a timely fashion.

    **Negligence – Count I**

    The Sadler plaintiffs asserted a general negligence count regarding IP's operation and maintenance of its facility. Doc. 51, Count IV. They alleged, among other things, that IP released and failed to prevent the release of hazardous chemicals. They also alleged that IP suppressed information about the releases.

    Plaintiffs in this case argue that their negligence claims are "similar to, only slightly more detailed, than the negligence claims in the First Amended Complaint" in Sadler. Doc. 15, p. 4. That is not correct. The negligence count in this case is very different. Its sole focus is on IP's negligent suppression of information: Failing to warn; failing to provide knowledge; and failing to disclose. However, as Judge James stated in Sadler: "Negligent

suppression is not a valid claim under Louisiana law." Doc. 34, p. 6. Accordingly, this count should be dismissed with prejudice.

### Other Allegations of Negligence

Plaintiffs assert only two counts, so the above recommendations, if adopted, would end this case. However, the undersigned notes that there are some general allegations of negligence contained in the factual allegations leading up to Count I. For example, Plaintiffs allege that IP released hazardous substances in violation of state and federal laws and regulations. ¶¶ 293-297, 301-302. Plaintiffs allege that their exposure to those hazardous substances caused them cancer and other problems. ¶¶ 302, 305. In the event Plaintiffs intended to plead a general negligence count, like Plaintiffs in Sadler, they may seek leave to amend their Complaint during the objections period that follows this recommendation.

Accordingly;

**IT IS RECOMMENDED** that Count II (fraudulent suppression) be dismissed without prejudice; and

**IT IS FURTHER RECOMMENDED** that Count I (negligent suppression) be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of August, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE